UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WARREN GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CV-350 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| SHAW ENVIRONMENTAL, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge [Doc. 85], to address the wage award to the Plaintiff in this case. The parties appeared before the undersigned on February 23, 2012, to address the amount of wages to be awarded to the Plaintiff in this matter. Attorney Robert Bigelow was present representing the Plaintiff, and Attorney William Rutchow was present representing the Defendant.

The Court has considered the parties' written submissions and oral arguments, and for the reasons stated herein, the Court will **RECOMMEND** that the Plaintiff be awarded **$6,916.20**, representing the overtime compensation owed to him with prejudgment interest.

### I. BACKGROUND

On August 29, 2008, Plaintiff John Tsouris filed this action seeking redress for unlawful violations of § 216(b) of the Fair Labor Standards Act ("FLSA"), on behalf of himself and others

who are similarly situated. [Doc. 1]. On September 22, 2008, Plaintiff Warren D. Grant filed a Consent to Become Party Plaintiff [Doc. 6-1].

The following year, the parties presented a stipulation to stay the case to the Court, and on May 15, 2009, the Honorable Thomas A. Varlan, United States District Judge, signed the Stipulation for Stay and Tolling Agreement. The Stipulation and Agreement was "between John Tsouris, on behalf of himself and Aaron Beam, Robert Boriel, Warren Grant, and Anthony Kelly, all of whom [were] putative class members in this action, and Environmental Systems Corporation, The Shaw Group Inc., and Shaw Environmental, Inc."[1] [Doc. 19 at 1 (internal abbreviations removed)]. It stayed the case pending settlement negotiations.

On March 25, 2011, Judge Varlan entered an Order [Doc. 24], lifting the stay and setting this case for trial on August 8, 2011. On July 14, 2011, the Court dismissed John Tsouris, the then lead plaintiff, and gave leave for Mr. Grant to file an amended complaint with Mr. Grant as the named Plaintiff. [Doc. 38]. The bench trial of this matter was completed in one day on August 8, 2011.

On January 17, 2012, Judge Varlan issued his Memorandum, Opinion, and Order finding in favor of Mr. Grant. Judge Varlan found that Mr. Grant had been misclassified as being exempt from the overtime pay requirement. [Doc. 15-18]. Judge Varlan further found that the fluctuating workweek provision contained in 29 C.F.R. § 778.114(a), did not apply to this case, because the Defendant did "not met their burden of demonstrating a clear mutual understanding between the parties that [Mr. Grant] was to be paid a fixed weekly salary regardless of the number of hours he worked per week." [Doc. 81 at 23]. Judge Varlan reached this conclusion in spite of the Defendant's arguments that Mr. Grant "agreed to be paid a fixed salary for all hours

---

[1] While Aaron Beam, Robert Boriel, and Anthony Kelly are mentioned in this Stipulation, no record of their futher participation in this litigation appears in the record. They did not file notices of their consent to become party plaintiffs with the Court, and apparently, never became active litigants in this case.

worked, regardless of the actual number of hours he worked, and [Mr. Grant] was aware that he would receive an additional 100% of his salary rate of pay, converted to an hourly basis, for all hours worked per week in excess of forty." [Doc. 81 at 22].

Judge Varlan determined that Mr. Grant was "entitled to unpaid overtime wages for the two years prior to the filing of his complaint" and directed that Mr. Grant submit a statement of the appropriate amount of damages. [Doc. 81 at 33]. Mr. Grant filed his Wage Calculation Submission [Doc. 82] on January 24, 2012, and on January 25, 2012, the Defendant filed a Memorandum [Doc. 83], opposing the statement of damages. Mr. Grant made a final reply in support of his request on January 26, 2012, [Doc. 84], and thereafter, this issue was referred to the undersigned.

## II. POSITIONS OF THE PARTIES

Mr. Grant submits that the principle amount of overtime pay due to him, based on a non-liquidated, two year period of time is $5,550.46. He has added 5.01% interest, compounded, to this figure to arrive at a total of $6,916.20. In support of his request for an award of prejudgment interest, Mr. Grant cites the Court to McClanahan v. Mathews, 440 F.2d 320 (6th Cir. 1971). In McClanahan, the Court of Appeals for the Sixth Circuit noted, "There are compelling reasons why pre-judgment interest should be recoverable where, in its discretion, the district court has awarded less than the maximum amount of liquidated damages." Id. at 326. The Plaintiff specifically cites this Court to the Court of Appeal's explanation:

> While wage earners who are being unlawfully deprived of a minimum wage are borrowing money to sustain themselves, and paying interest, the noncomplying employer, however innocent, is benefitting from his violations, since he has the use of his employee's money. Unless the delinquent employer is required to restore his employee to the position he would have been in had

3

> there been no violation, via an award of liquidated damages or interest on the back wage award, the employer will thereby have been unjustly enriched by his own violation at his employee's expense. Surely Congress did not intend this result, and we will not impose it.

McClanahan v. Mathews, 440 F.2d 320, 326 (6th Cir. 1971).

In response, the Defendant argues that Mr. Grant is not entitled to any damages. It maintains, "Plaintiff received more wages than he is entitled to under the FLSA. Therefore, Plaintiff is not entitled to any damages from Shaw Environmental." [Doc. 83 at 3]. In support of this position, the Defendant maintain that Mr. Grant "accepted the same salary each week for a year and a half, regardless of the number of hours he worked and was paid 100% of his regular rate of pay for all hours he worked in a week over 40 [hours]." [Doc. 83 at 3].

The Defendant also argues that Mr. Grant is not entitled to prejudgment interest because he did not disclose his request for prejudgment interest pursuant to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. [Doc. 83 at 3]. The Defendant moves the Court to decline to award prejudgment interest to Mr. Grant based upon his failure to comply with his duty to disclose. [Doc. 83 at 4 (citing Fed. R. Civ. P. 37(c)(1))].

Finally, the Defendant argues that Mr. Grant should not be awarded prejudgment interest for the period during which this case was stayed "at Plaintiffs' request." [Doc. 83 at 5]. Defendant submits, "Given Plaintiff's agreement to a formal stay of these proceedings for almost two years, it would be inequitable to allow Plaintiff to recover prejudgment interest during the time this matter was stayed." [Doc. 83 at 5].

Mr. Grant responds that Judge Varlan clearly ruled that Mr. Grant was entitled to damages. [Doc. 84 at 1]. Mr. Grant notes that he pled prejudgment interest in the Complaint [Doc. 1 at 7-8], and he maintains that he gave the Defendant the same calculations that are now

4

before the Court on June 22, 2011.  In regard to the stay, the Plaintiff argues that considering the stay would punish Mr. Grant – the current Plaintiff – for the actions of John Tsouris – the former Plaintiff.  [Doc. 84 at 4].

### III. ANALYSIS

The Court will address each of the Defendant's objections in turn.

### A. Award of Wages

The Defendant's position that Mr. Grant is "not entitled to any damages" is not well-taken.  The Defendant's argument essentially moves the undersigned to reconsider the Memorandum, Opinion, and Order [Doc. 81], entered by Judge Varlan on January 17, 2012.  The Court declines to do so.  This issue has been litigated and decided, and the Defendant have not demonstrated proper grounds for reconsidering the Court's prior ruling, see Gritton v. Disponett, 332 Fed. App'x 232, 238 (6th Cir. 2009).

### B. Prejudgment Interest

The Court finds that the Defendant's objections to an award of prejudgment interest are not well-taken, and the Plaintiff is entitled to prejudgment interest.

*1. Failure to Disclose Under Rule 26*

In pertinent part Rule 26(a) of the Federal Rules of Civil Procedure directs that a party provide to the other parties "a computation of each category of damages claimed by the disclosing party . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Pursuant to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

The Defendant has cited the Court to numerous cases in support of denying Mr. Grant's request for prejudgment interest. The Court first finds that <u>Ames v. Van Dyne</u>, 100 F.3d 956 (Table), 1996 WL 662899 (6th Cir. 1996), which addresses the exclusion of a witness for failure to disclose the witness on the pretrial witness list, is not analogous to the instant case. The Court finds that <u>Hoffman v. Construction Protective Services</u>, 541 F.3d 1175, 1180 (9th Cir. 2008) and <u>LC Tech. Int'l, Inc. v. Mediarecover, LLC</u>, 2007 WL 4404438, at *1 (M.D. Fla. March 20, 2007), are not binding on this Court.

The most persuasive case cited by the Defendant is <u>Jordan v. City of Cleveland</u>, 2004 WL 5499506 (N.D. Ohio Feb. 3, 2004), but for the reasons stated below, the Court finds that <u>Jordan</u> does not preclude awarding prejudgment interest in this case. Initially, the Court would note that the decision in <u>Jordan</u> was rendered in the context of a motion to reconsider. Further, the court in <u>Jordan</u> excluded only a portion of the damage calculations that had not been disclosed and found that despite the failure to disclose, "the purpose of Rule 26(a)(1)(C) was fulfilled" with regard to certain damages. <u>Id</u>. at *3. Moreover, the court in <u>Jordan</u> opined, "The burden is on plaintiff to show that the evidence concerning his computation of damages was revealed during the discovery period," <u>id</u>., which the Court finds the Plaintiff effectively did in this case.

In this case, the Court finds that Mr. Grant's failure to disclose his damages earlier was harmless, under Rule 37(c)(1). The Complaint in this matter moved the Court for damages in the amount of "unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest." [Doc. 1 at 7-8]. Thus, the Defendant was put on notice through the Complaint that Mr. Grant was seeking prejudgment interest. The inclusion of the prayer for prejudgment interest in the Complaint does not relieve Mr. Grant of his duty of disclose, but it

does demonstrate notice to the Defendant and an opportunity for the Defendant to mitigate any potential prejudice.

Further, Mr. Grant asserted in his response that he supplied the Defendant with the proposed calculation on June 22, 2011, [Doc. 84 at 2], and the Defendant did not dispute this assertion at the hearing. This case had a unique procedural posture and did not have a scheduling order setting the discovery deadline. The Court's general practice is to set the cut-off at thirty days before trial. It appears undisputed that counsel for Mr. Grant disclosed these calculations on June 24, 2011; thus, the calculation was given during the period in which discovery is generally allowed.

Most importantly, however, the Court finds that the Defendant has not demonstrated prejudice flowing from the failure to disclose. In its papers, the Defendant argues that the lack of a prejudgment interest disclosure affected its settlement decisions, and at the hearing, the Defendant raised the issue of an offer of judgment for the first time. The Court finds that the Defendant's argument regarding settlement is speculative at best. In addition, the Defendant's acknowledged the holding of McClanahan, which directs that a successful plaintiff will receive either liquidated damages or prejudgment interest.[2] Given this case law and the contents of the Complaint, the Defendant was on notice to consider the effects of prejudgment interest in evaluating settlement offers.

The Court further finds that the Defendant was not prejudiced by the lack of disclosure when making its offer of judgment. The initial offer of judgment was made as to two plaintiffs, who would have split the $3500.00 offered. No subsequent offers were made, and the Court

---

[2] See Schneider v. City of Springfield, 2000 WL 988279, at *3 n. 7(S.D. Ohio 2000)("In *McClanahan*, the Sixth Circuit determined that a district court must award prejudgment interest on claims for unpaid wages due under the FLSA, if it chooses not to award any liquidated damages.")

7

cannot find, as a matter of law, that such the offer of judgment would have been affected by the prejudgment interest, which would total approximately $1400.00.

Accordingly, the Court finds that Mr. Grant's failure to disclose prejudgment interest calculations in accordance with Rule 26 was harmless, and the Court finds that the Defendant's request that Mr. Grant be denied prejudgment interest as a sanction under Rule 37(c)(1) is not well-taken.

2.  *Period During Which the Case Was Stayed*

The Court turns next to the Defendant's argument that the Plaintiff should not receive prejudgment interest for the time during which this matter was stayed.

Counsel for the Defendant admitted at the hearing that the Defendant agreed to this stay and joined in the motion to stay. To allow the Defendant to now treat the stay as Mr. Grant's doing would be inequitable. Further, the Court would note that it was the Court that *sua sponte* removed the stay and reinstated this case. In its Order lifting the stay, the Court stated, "the period of time in which the parties agreed to stay this action is well past and no party has requested an extension of the stay or otherwise informed the Court of the status of this case or of any settlement negotiations." [Doc. 24 at 1]. It does not appears to the Court that the Defendant neither objected to the stay nor resisted its indefinite extension. The Court will not allow the Defendant to use this agreed-upon stay as a sword against the Plaintiff.

In considering the stay, the policy discussion and holding of the Court of Appeals in McClanahan bears repeating:

> While wage earners who are being unlawfully deprived of a minimum wage are borrowing money to sustain themselves, and paying interest, the noncomplying employer, however innocent, is benefitting from his violations, since he has the use of his employee's money. Unless the delinquent employer is required to restore his employee to the position he would have been in had

> there been no violation, via an award of liquidated damages or interest on the back wage award, the employer will thereby have been unjustly enriched by his own violation at his employee's expense. Surely Congress did not intend this result, and we will not impose it.

McClanahan, 440 F.2d at 326.

During the stay in this case, the Defendant, a subsidiary of a Fortune 500 company, retained the wages at issue in this case and retained the ability to collect interest on these wages. The Defendant argues that awarding prejudgment interest for the period during the stay will result in a windfall to Mr. Grant. The Court, however, concludes that to not award prejudgment interest to Mr. Grant during the stay period would result in a windfall to the Defendant. Having weighed the equities of the situation and pursuant to McClanahan, the Court declines to allow the Defendant to be "unjustly enriched by [its] own violation at [its] employee's expense." Id.

Accordingly, the Court finds that the Defendant's argument that Mr. Grant should not be awarded prejudgment interest for the time during which this case was stayed is not well-taken.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff Warren Grant has demonstrated his entitlement to $6,916.00. The Court has considered the objections to this figure and finds that they are not well-taken. The Court finds that the hours requested are consistent with the Court's ruling in its Memorandum, Opinion, and Order and the Court finds that the interest rate of 5.01% compounded annually is reasonable in this case. Accordingly, the Court **RECOMMENDS**[3] that Plaintiff Warren Grant be awarded **$6,916.20**, representing the overtime compensation owed to him with prejudgment interest.

Respectfully Submitted,

_s/ C. Clifford Shirley, Jr._
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).