UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WARREN GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-350 |
| | ) | (VARLAN/SHIRLEY) |
| SHAW ENVIRONMENTAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on the Report and Recommendation (the "R&R") [Doc. 87], entered by United States Magistrate Judge C. Clifford Shirley on March 1, 2012. In the R&R, Magistrate Judge Shirley found that plaintiff, Warren Grant, had demonstrated his entitlement to a total of $6,916.20 in damages, an amount representing $5,550.46 in overtime compensation, plus $1,365.74 in prejudgment interest at a rate of 5.01%, compounded. Defendant, Shaw Environmental, Inc., has filed an objection [Doc. 88] to the R&R.

For the reasons that follow, defendant's objection [Doc. 88] will be **OVERRULED**, the R&R [Doc. 87] will be **AFFIRMED**, and plaintiff **AWARDED** a total of **$6,916.20** in damages.

**I.      Standard of Review**

The Court conducts a de novo review of the portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive,

or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II.     Relevant Background

This action involves plaintiff's claims for unlawful violations of § 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"). A bench trial was conducted before the undersigned on August 8, 2011. On January 17, 2012, the Court issued a memorandum opinion and order, dismissing plaintiff's claims against defendant, The Shaw Group, Inc., entering judgment in favor of plaintiff and against defendant for unpaid compensation under the FLSA for the two years prior to the filing of plaintiff's complaint, and finding that plaintiff is not entitled to liquidated damages. The Court also directed the parties to submit their respective computation of damages in accordance with the Court's decision so that an appropriate judgment could be entered [*Id.*, pp. 33-34]. Plaintiff submitted his damages computation [Doc. 82], defendant submitted a memorandum in opposition [Doc. 83], and plaintiff submitted a reply [Doc. 84]. The Court referred the matter to the magistrate judge [Doc. 85], who held a hearing on February 23, 2012 [Doc. 86]. On March 1, 2012, Magistrate Judge Shirley issued the R&R [Doc. 87]. On March 15, 2012, defendant submitted a timely objection [Doc. 88].

**III.    Analysis**

As noted above, the R&R recommends that plaintiff be awarded $6,916.20 in damages, representing overtime compensation plus prejudgment interest. Defendant objects to this finding and damages calculation. Defendant asserts that plaintiff is not entitled to prejudgment interest because he failed to comply with Federal Rule of Civil Procedure 26(a)(1). Defendant also objects to the R&R's findings that defendant was not prejudiced by plaintiff's lack of disclosure and that prejudgment interest would be calculated for the period of time in which this case was stayed. Last, defendant argues that plaintiff is not entitled to any damages at all.

    **A.    Prejudgment Interest**

In *McClanahan v. Mathews*, 440 F.2d 320 (6th Cir. 1971), the United States Court of Appeals for the Sixth Circuit found that if a court determines that a plaintiff is not entitled to liquidated damages under the FLSA, the court "then . . . must award interest on back pay from the date the claims accrued." *Id.* at 326. *See Schneider v. City of Springfield*, No. C-3-96-62, 2000 WL 988279, at *3 n.7 (S.D. Ohio Mar. 30, 2000). Following the bench trial of this case, the Court determined that because defendant had met its burden of proving that its conduct was in good faith, plaintiff was not entitled to an award of liquidated damages [Doc. 81, ¶ 40]. Defendant now contends that plaintiff failed to comply with the requirement of Rule 26(a)(1)(A)(iii) that a party provide "a computation of each category of damages claimed" to the other parties, Fed. R. Civ. P. Rule 26(a)(1)(A)(iii), and that under Rule 37(c)(1), plaintiff should not be permitted to recover prejudgment interest. Fed. R. Civ. P.

3

37(c)(1) (stating that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

While the magistrate judge noted plaintiff's failure to make the proper Rule 26(a)(1)(A)(iii) disclosure, Judge Shirley found the failure to be harmless and that plaintiff should not be denied prejudgment interest as a Rule 37(c)(1) sanction because defendant was on notice that plaintiff was seeking prejudgment interest, as indicated by plaintiff's inclusion in his complaint of a prayer for relief in the form of "liquidated damages and/or prejudgment interest" [Doc. 1, pp. 7-8], and because plaintiff had disclosed a damages computation to defendant on June 22, 2011. Judge Shirley also found that defendant had not demonstrated the existence of prejudice flowing from plaintiff's failure to disclose. In objecting to the R&R, defendant submits that while plaintiff did disclose a damages computation on June 22, 2011, that disclosure made no mention of prejudgment interest or a method for determining prejudgment interest [*see* Doc. 88-1].

The Court has reviewed defendant's submission regarding plaintiff's June 22, 2011 disclosure and defendant's assertion that plaintiff intentionally misled the Court by putting the following in his reply brief:

> In fact, on June 22, 2011, based on Defendant's own records, Plaintiff **provided Defendant the same calculations it provided to the Court in its January 24, 2012 calculations submission**. The June 22, 2011 calculations also included damage calculations based on a finding of willfulness and liquidated damages. While [the damage calculation]

4

> did not include calculations for prejudgment interest, such calculations in any case are based on the amount of time that has elapsed between the date in which Plaintiff was initially entitled to be paid overtime and *the date of the Court's decision* (which Plaintiff could not possibly known in advance) and thus they are constantly changing, making it impossible to provide in advance.

[Doc. 84, p. 2 (emphasis and italics in original)]. While the Court has noted the emphasized statements in plaintiff's reply and the June 22, 2011 email from plaintiff's counsel containing the damages calculation [Doc. 88-1], the Court declines to view plaintiff's statements as statements made with the intent to misled the Court, noting that plaintiff did qualify, however inartfully, his emphasized statements by noting that his damages calculation "did not include calculations for prejudgment interest" [Doc. 84, p. 2]. Thus, while the Court agrees with defendant that plaintiff's June 22, 2011 disclosure neither mentions prejudgment interest nor provides a computation for how such interest should be determined, the Court is in agreement with the magistrate judge that plaintiff's complaint [Doc. 1, pp. 7-8], and the Sixth Circuit's statement in *McClanahan* directing district courts to award either prejudgment interest or liquidated damages, put defendant on notice to consider the effects of an award of prejudgment interest in connection with defendant's pretrial evaluations of the case, including settlement negotiations and offers of judgment [*see* Doc. 87, p. 7]. The Court also notes that an important part of plaintiff's case in the trial of this matter was that he was seeking liquidated damages, an amount plaintiff did include in his June 22, 2011 damages calculation.

5

Thus, the Court finds this is not a case where plaintiff completely failed to plead prejudgment interest or surprised defendant with a request for prejudgment interest.[1] While defendant has submitted several cases in which district courts imposed various sanctions for failure to comply with Rule 26(a) disclosures, the Court has not been presented with a FLSA case in which prejudgment interest was totally disallowed because of a failure to comply with a Rule 26(a) disclosure. The Court also finds that *Jordan v. City of Cleveland*, No. 1:02 CV 1280, 2004 WL 5499506 (N.D. Ohio Feb. 3, 2004), does not demand the relief defendant seeks. In *Jordan*, which addresses a motion for reconsideration of a motion in limine in a Title VII retaliation case, the district court noted that while the plaintiff had argued that the defendant should have known about the plaintiff's various theories of recovery, the plaintiff had never specified the basis for his theory of recovering economic damages, and that allowing the plaintiff to recover for such damages would defeat the purpose of Rule 26(a)(1)(C), thus surprising the defendant at trial. *Id.* at *3. In this case, however, plaintiff stated in his complaint that he was seeking prejudgment interest and defendant has not shown that it was "surprised" by plaintiff's request.

Furthermore, as noted by Judge Shirley, the discovery period in this case progressed by way of a unique procedural posture with no scheduling order setting forth a discovery deadline. While this does not excuse compliance with Rule 26(a) disclosures, the Court agrees with the magistrate judge that this circumstance weighs against a Rule 37(c)(1)

---

[1] Plaintiff pled prejudgment interest in his complaint [Doc. 1]. This request was repeated in plaintiff's amended complaint [Doc. 39] and in plaintiff's second amended complaint [Doc. 69].

sanction against plaintiff. Finally, the Court disagrees with defendant's assertion that plaintiff should not receive prejudgment interest for the time period in which this case was stayed. While defendant asserts that this case was stayed upon plaintiff's request, the Court notes that the stipulation [*see* Docs. 18, 19], entered into the record of this case provides that the stay was pursuant to a joint agreement by the parties. Thus, for this reason and the reasons given in the R&R, the Court declines to use the joint agreed-to stay of this case as a reason to disallow an award of prejudgment interest.

In sum, the Court declines to deny plaintiff's request for prejudgment interest in light of the foregoing reasons and the Sixth Circuit's discussion in *McClanahan* of the "compelling reasons why pre-judgment interest should be recoverable where, in its discretion, the district court has awarded less than the maximum amount of liquidated damages." *Id.*, 440 F.2d at 326. Accordingly, defendant's objection to prejudgment interest will be **OVERRULED**.

### B. Damages

Defendant also "reasserts" its position that plaintiff is not entitled to any damages because the proper overtime rate of pay in a fixed salary situation is 50% of the employer's rate of pay, which is approximately half of what plaintiff has already been paid for overtime [Doc. 88, pp. 5-6]. While defendant argues that it does not intend this argument to be a request for reconsideration of the Court's January 17, 2009 opinion [Doc. 81], and the Court does not treat it as such, defendant's objection to this portion of the R&R will also be **OVERRULED** given the Court's previous finding that defendant did not met its "burden of

7

Case 3:08-cv-00350-TAV-CCS   Document 89   Filed 03/28/12   Page 7 of 8   PageID #: 738

demonstrating a clear mutual understanding between the parties that plaintiff was to be paid a fixed weekly salary regardless of the number of hours he worked per week." [*Id.*, ¶ 25]. Defendant has not presented the Court with a reason to conclude otherwise, or a reason to find that the fluctuating workweek method of compensation applies regardless of whether the employer has met his burden of demonstrating that the parties had a "clear mutual understanding." *See Cowan v. Treetop Enterprises*, 163 F. Supp. 2d 930, 941 (M.D. Tenn. 2001) (citation omitted); *see also* 29 C.F.R. § 778.114(a).

**IV. Conclusion**

For the reasons stated herein and after careful review of the matter, defendant's objection [Doc. 88] to the R&R is **OVERRULED**. The R&R [Doc. 87] is **AFFIRMED**, with plaintiff **AWARDED** a total of **$6,916.20** in damages, such amount representing the overtime compensation owed to plaintiff, plus prejudgment interest.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE