UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WARREN GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-350 |
| | ) | (VARLAN/SHIRLEY) |
| SHAW ENVIRONMENTAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Report and Recommendation of Magistrate Judge C. Clifford Shirley, Jr., entered on January 30, 2013 [Doc. 107] (the "R&R"), which addresses plaintiff's request for an award of attorneys' fees and expenses. The parties briefed the issue and appeared before the magistrate judge for a hearing. After consideration of plaintiff's request, Magistrate Judge Shirley recommends that the Court grant in part and deny in part plaintiffs' request for attorneys' fees and expenses and award plaintiff $80,499.14 in attorneys' fees and $5,706.01 in costs, for a total of $86,205.15. Defendant Shaw Environmental, Inc. ("defendant" or "Shaw Environmental") filed an objection to the R&R [Doc. 108], and plaintiff responded [Doc. 109].

**I.     Standard of Review**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous,

conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 Fed. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis

Defendant asserts three objections: (1) that Magistrate Judge Shirley failed to consider plaintiff's lack of success on the merits; (2) that Magistrate Judge Shirley failed to consider plaintiff's rejection of settlement offers; and (3) that the hours submitted by plaintiff's counsel were excessive.

### A. Lack of Success on the Merits

Defendant argues that the magistrate judge acknowledges but fails to address defendant's position that plaintiff's fee petition should be reduced because plaintiff received less than one third of his claimed damages as a result of losing on the issues of good faith, which would have provided for liquidated damages, and willfulness, which would have added a year to plaintiff's back-pay claim. In response, plaintiff asserts he was successful on the merits and that he deducted $25,088.53 in fees from the requested amount given his unsuccessful attempt to prove willfulness.

2

While Magistrate Judge Shirley noted defendant's argument that plaintiff's attorneys' fees should be reduced due to his limited success on the merits, it seems he did not consider this point in determining the award of attorneys' fees but should have done so. *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (holding that extent of plaintiff's success is a "crucial factor" in award of attorney's fees under 42 U.S.C. § 1988). The Court, therefore, **SUSTAINS** defendant's objection.

Having sustained defendant's objection, the Court must determine whether it will reduce the award of attorneys' fees given plaintiff's limited success. The Sixth Circuit has said:

> The Supreme Court has given guidance on the extent to which a fee should be adjusted when a plaintiff wins on some claims and loses on others. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). First, it is necessary to see whether the claims on which the plaintiff won and the claims on which the plaintiff lost are related. If they employ "a common core of facts or [are] based on related legal theories," *id*. at 435, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, the court should consider "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. The Supreme Court noted that there was no "precise formula" for determining a reasonable fee, *id*. at 436–37, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, and stressed the district court's discretion in this area, *id*. at 437, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, but it specifically rejected a "mathematical approach" that compared the number of issues on which the plaintiff prevailed to the total number of issues in the case, finding that such an approach was not helpful in setting a reasonable fee. *Id*. at 435 n. 11, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40. The Court noted that litigants often raise alternative grounds and that rejection of some of those grounds should not lead to a reduced fee if the plaintiff has been successful. *Id*. at 435, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40. The Sixth

> Circuit has followed suit in finding that attorney's fees should not be reduced by the ratio of successful claims to claims overall. *See Phelan* [*v. Bell*], 8 F.3d 369, 374 (6th Cir. 1993).

*Moore v. Freeman*, 355 F.3d 558, 565–66 (6th Cir. 2004) (first alteration in original).

Here, plaintiff asserted claims against defendants The Shaw Group, Inc. and Shaw Environmental for unpaid overtime wages and liquidated damages as well as damages on the basis that defendants' actions were willful. The Court dismissed the claims against The Shaw Group, Inc. because it was not plaintiff's employer for purposes of the Fair Labor Standards Act ("FLSA"). And while plaintiff successfully litigated his claim for unpaid overtime against Shaw Environmental, he was unsuccessful in establishing that defendant willfully violated the FLSA as well as in seeking liquidated damages. Despite this limited success, the Court, having familiarity with the record, finds that the claims are related [*See* Doc. 81]. Because the claims are related, the Court declines to reduce the award of attorneys' fees. *See Fegley v. Higgins*, 19 F.3d 1126, 1135–36 (6th Cir. 1994) (noting that "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in the FLSA context] encourage[s] the vindication of congressional identified policies and rights" (last alteration in original and citation and internal quotation marks omitted)).

### B.     Rejection of Settlement Offers

Defendant argues that the magistrate judge acknowledges but fails to address defendant's position that plaintiff's fee petition should be reduced due to plaintiff's refusal of settlement offers that exceeded his recovery at trial. In response, plaintiff

4

asserts that the magistrate judged asked questions about both parties' settlement demands during the hearing and "noted [d]efendant's position" in the R&R [Doc. 109 p. 3].

In the R&R, Magistrate Judge Shirley acknowledges that defendant argues plaintiff should not be allowed to recover attorneys' fees because "on June 24, 2011, before any of the fees requested were incurred, [defendant] offered $10,000 to settle this case, and on July 20, 2011, [defendant] offered $15,000 to settle this case" [Doc. 107 p. 5]. He further acknowledges that "these offers exceeded [plaintiff's] ultimate recovery" [*Id.*]. While not located in the "Analysis" section of the R&R, the magistrate judge dismisses this argument by noting defendant conceded that "these offers were offers to settle not offers of judgment" [*Id.*]. He also, in a footnote, recognizes that the Court of Appeals for the Sixth Circuit found a "district court did not abuse its discretion in refusing to consider [a] settlement offer that exceeded recovery in awarding attorneys['] fees under [the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act]" [*Id*. p. 5 n.3 (citing *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442 (6th Cir. 2009))].

Reviewing this objection *de novo*, the Court agrees with Magistrate Judge Shirley that the award of attorneys' fees should not be reduced as a result of plaintiff's rejection of settlement offers, but for reasons different from those cited by the magistrate judge. First, even if defendant's offers to settle this case were offers of judgment, as defined by

5

Rule 68,[1] Rule 68 has no application when awarding attorneys' fees under 29 U.S.C. § 216. *See Fegley*, 19 F.3d at 1134 (Rule 68 does not apply in the context of § 216 because § 216(b) does not refer to attorneys' fees as part of the costs (citation omitted)).

Second, the Sixth Circuit in *Dowling* did not say, as the magistrate judge said in the R&R, that it was not an abuse of discretion to refuse to consider a settlement offer that exceeded the ultimate recovery; rather, it ruled that it was not an abuse of discretion for a district court to decline to reduce a fee award where the defendant made an offer of settlement that was greater than the plaintiff's ultimate award. *See Dowling*, 320 F. App'x at 449. In *Dowling*, the plaintiff received $26,000 in damages after rejecting a $30,000 offer from the defendant to settle the lawsuit. *Id*. The Sixth Circuit ruled it was not abuse of discretion to decline to reduce the attorneys' fee award—$49,560—in light of this rejection because the $30,000 offer was inclusive of attorneys' fees and at the time the offer was made plaintiff had already incurred $16,410 in legal fees. *Id*. Thus, the value of the offer was only $13,590. *Id*.

The Court finds the reasoning of *Dowling* applicable here. From documents in the record, the Court discerns that at the time defendant made the offers of $10,000 and $15,000, plaintiff had incurred more than $15,000 in legal fees [*see* Doc. 93-4]; hence,

---

[1] Rule 68 of the Federal Rules of Civil Procedure, entitled "Offer of Judgment," provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay costs incurred after the offer was made." The Supreme Court has held that where a plaintiff recovers less than a defendant's Rule 68 offer, the plaintiff should not recover attorneys' fees incurred after that offer if "the underlying statute defines 'costs' to include attorney's fees." *Marek v. Chesney*, 473 U.S. 1, 9 (1985).

the values of the offers were less than plaintiff ultimately received at trial. For this reason, the Court finds it appropriate to decline to reduce the attorneys' fee award on the account of plaintiff refusing defendant's offers of settlement. Defendant's objection is hereby **OVERRULED**.

### C. Excessive Hours

Defendant states it "agrees with Magistrate Judge Shirley's analysis that [p]laintiff's counsel expended excessive, redundant and otherwise unnecessary hours[,]" but objects to "Magistrate Judge Shirley's conclusion that all of these excessive hours support only a 10% reduction in [p]laintiff's fee request" [Doc. 108 p. 2]. Defendant believes a fifty percent reduction in "[p]laintiff's counsel's claimed hours" is more appropriate and asks the Court to award attorneys' fees not greater than $25,000 [*Id.*]. This is not a specific objection, but one disputing the correctness of the magistrate's recommendation. The Court thus declines to consider it.

### III. Conclusion

After reviewing the record in this case, including the R&R and the underlying briefs, as well as the relevant law, the defendant's objections to the R&R, and the response to the defendant's objections, the Court agrees with the magistrate judge's recommendation concerning plaintiff's petition for an award of attorneys' fees and expenses, subject to the Court's analysis set forth herein. Accordingly, Plaintiff's Statement of Fees and Costs [Doc. 92] is hereby **GRANTED in part** and **DENIED in**

<mark>7</mark>

**part**.  Plaintiff is **AWARDED** $80,499.14 in attorneys' fees and $5,706.01 in costs, for a total of $86,205.15.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE